UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK



| | |
|---|---|
| MATTHEW FERO, SHIRLEY KRENZER, and ERIN O'BRIEN, individually and on behalf of all others similarly situated,<br><br>        Plaintiffs,<br><br>  v.<br><br>EXCELLUS HEALTH PLAN, INC. and LIFETIME HEALTHCARE, INC.,<br><br>        Defendants. | **Case No. 6:15-cv-06569 EAW** |
| CAROLE PRESTON and GARY PRESTON, individually and on behalf of all others similarly situated,<br><br>        Plaintiffs,<br><br>  v.<br><br>EXCELLUS HEALTH PLAN, INC., a New York Corporation,<br><br>        Defendant. | **Case No. 6:15-cv-06577 EAW** |
| CARLOS MARTINHO, HEATHER MARTINHO and BRIAN MARTINHO, individually and on behalf of all others similarly situated,<br><br>        Plaintiffs,<br><br>  v.<br><br>LIFETIME HEALTHCARE, INC., EXCELLUS HEALTH PLAN, INC., and EXCELLUS BLUECROSS BLUESHIELD,<br><br>        Defendants. | **Case No. 6:15-cv-06584 EAW** |

| | |
|---|---|
| PATRICIA FISHER and KENNETH FISHER, individually and on behalf of all others similarly situated,<br><br>        Plaintiffs,<br><br>v.<br><br>LIFETIME HEALTHCARE, INC. and EXCELLUS HEALTH PLAN INC.,<br><br>        Defendants. | **Case No. 6:15-cv-06598 EAW** |
| THERESE BOOMERSHINE and JULIA POLIDORE, individually and on behalf of all others similarly situated,<br><br>        Plaintiffs,<br><br>v.<br><br>EXCELLUS HEALTH PLAN INC. and LIFETIME HEALTHCARE, INC.,<br><br>       Defendants. | **Case No. 6:15-cv-06641 EAW** |
| ERIC S. CLARK, individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>v.<br><br>EXCELLUS HEALTH PLAN, INC.,<br><br>       Defendant. | **Case No. 6:15-cv-06643 EAW** |

| | |
|---|---|
| LOUANN MALTA, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>EXCELLUS HEALTH PLAN, INC. and LIFETIME HEALTHCARE, INC.,<br><br>    Defendants. | **Case No. 6:15-cv-06651 EAW** |
| LAWRENCE F. THOMPSON, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>EXCELLUS HEALTH PLAN INC., and LIFETIME HEALTHCARE, INC.,<br><br>    Defendants. | **Case No. 6:15-cv-06652 EAW** |
| PAUL MALICK and MARGARET MALICK, individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>EXCELLUS HEALTH PLAN INC., and LIFETIME HEALTHCARE, INC.,<br><br>    Defendants. | **Case No. 6:15-cv-06684 EAW** |

|  |  |
|---|---|
| RAYMOND A. MCLEOD and JUANITA MCLEOD, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>EXCELLUS HEALTH PLAN INC., and LIFETIME HEALTHCARE, INC.,<br><br>Defendants. | Case No. 6:15-cv-06685 EAW |

## ORDER

By orders of the Hon. Michael A. Telesca dated November 5, 2015, and the Hon. Charles J. Siragusa dated November 10, 2015, the above-listed cases involving common questions of law and fact have been consolidated and transferred to the undersigned. (Dkt. 27; Case No. 15-cv-06684 EAW, Dkt. 3; Case No. 15-cv-06685 EAW, Dkt. 2). Each of these cases involves Defendants' alleged failure to protect customer information.

In reviewing these cases, I have determined that I may be a putative member of the alleged plaintiff class. Indeed, given the potentially large class size and broad reach of the allegations, it seems likely that many, if not all, judges of this court would qualify as putative class members. As a result, I have further determined that the appropriate course is to renounce any financial interest that could arise from my potential membership in the plaintiff class. *See Corr v. Metro. Washington Airports Auth.*, 481 F. App'x 616, 617 (Fed. Cir. 2012); *In re Initial Public Offering Securities Litigation*, 174 F. Supp. 2d 70, 81-85 (S.D.N.Y. 2001); *Guide to Judiciary Policy*, Vol. 2B, Ch. 3, § 3.1-6[4]; *see also In re Literary Works in Electronic Databases Copyright Litigation*, 509 F.3d 136, 141-42 (2d Cir. 2007).

Accordingly, I hereby renounce any putative class membership and waive any future claims. In other words, I will forego any financial interest I may have in any future settlement or adjudication resulting in any payment to members of the class, will refuse to accept any future payments made to the members of the putative class, and waive any individual right to recover against the defendants on the underlying claims alleged in these consolidated matters.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
United States District Judge

Dated: November 10, 2015
       Rochester, New York