UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

MATTHEW FERO, SHIRLEY KRENZER, and
ERIN O'BRIEN, individually and on behalf of
all others similarly situated,

                Plaintiffs,

    -v-

EXCELLUS HEALTH PLAN, INC. and
LIFETIME HEALTHCARE, INC.,

                Defendants.
_____



**DECISION AND ORDER**

6:15-CV-6569 EAW

## INTRODUCTION

This lawsuit consists of 14 consolidated matters, the earliest of which was filed on September 18, 2015. (Dkt. 1). Eight of the matters were consolidated and transferred to the undersigned on November 5, 2015. (Dkt. 27). Pursuant to an order of the Court entered on November 10, 2015, any subsequently filed actions arising out of the same facts or involving the same claims are to be consolidated into the lead action (Dkt. 28); the six remaining member cases have subsequently been consolidated pursuant to that order.

The November 5th order provided that motions to be appointed interim lead counsel were to be filed on or before November 17, 2015. (Dkt. 27). Five motions were filed on that

date. (Dkts. 39, 43, 44, 45, 50[1]). Responses were filed on December 10, 2015. (Dkts. 65, 66, 67, 68, 69, 70). Replies were filed on December 17, 2015. (Dkts. 73, 74, 75, 76).

For the reasons set forth below, the Court grants the motion filed by Faraci Lange, LLP ("Faraci Lange"), Weitz & Luxenberg, P.C. ("Weitz & Luxenberg"), Girard Gibbs LLP ("Girard Gibbs"), and Cohen & Malad, LLP ("Cohen & Malad") (collectively the "Faraci/Weitz Group") (Dkt. 39) and appoints Hadley L. Matarazzo of Faraci Lange and Robin L. Greenwald of Weitz & Luxenberg as interim co-lead class counsel and Eric A. Gibbs of Girard Gibbs and Lynn A. Toops of Cohen & Malad as members of the executive committee. This appointment shall be for a one-year, renewable term. The other motions for appointment as interim lead class counsel (Dkts. 43, 44, 45, 50) are denied.

## DISCUSSION

### I. Legal Standard

Federal Rule of Civil Procedure 23(g) provides that a court "may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." Fed. R. Civ. P. 23(g)(3). "'[D]esignation of interim counsel clarifies responsibility for protecting the interests of the class during precertification activities. . . .'" *In re Mun. Derivatives Antitrust Litig.*, 252 F.R.D. 184, 185-86 (S.D.N.Y. 2008) (quoting *Manual For Complex Litigation (Fourth)* § 21.11 (2004)). "Generally such counsel has the responsibility for protecting the interests of the class during precertification activities, such as making and responding to motions, conducting any necessary discovery, moving for class

---

[1] Docket 50 was actually not filed until November 18, 2015 – past the deadline of November 17, 2015. Nonetheless, the Court has considered this untimely motion.

certification, and negotiating settlement." *In re Air Cargo Shipping Servs. Antitrust Litig.*, 240 F.R.D. 56, 57 (E.D.N.Y. 2006) (quotation omitted).

"When appointing interim class counsel, courts generally look to the same factors used in determining the adequacy of class counsel under Rule 23(g)(1)(A)." *In re Mun. Derivatives Antitrust Litig.*, 252 F.R.D. at 185-86. In appointing class counsel, Rule 23(g)(1)(A) provides that the court:

(A) must consider:

> (i) the work counsel has done in identifying or investigating potential claims in the action;
>
> (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;
>
> (iii) counsel's knowledge of the applicable law; and
>
> (iv) the resources that counsel will commit to representing the class.

Fed. R. Civ. P. 23(g)(1)(A). The Court must appoint the "applicant 'best able to represent the interests of the class.'" *In re Bank of Am. Corp. Sec., Derivative & ERISA Litig.*, 258 F.R.D. 260, 272 (S.D.N.Y. 2009) (quoting Fed. R. Civ. P. 23(g)(2)). The Court may therefore also consider "any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class. These include: (1) the quality of the pleadings; (2) the vigorousness of the prosecution of the lawsuits; and (3) the capabilities of counsel, as well as whether counsel are qualified and responsible, . . . [whether] they will fairly and adequately represent all of the parties on their side, and . . . [whether] their charges will be reasonable." *Id.* (quotations and citations omitted).

## II. The Competing Proposals

Five different proposals have been submitted to the Court. The Faraci/Weitz Group proposes that Ms. Matarazzo and Ms. Greenwald be appointed as interim co-lead class counsel and that Mr. Gibbs and Ms. Toops be appointed to serve on a two-member executive committee. (Dkt. 39). Collectively, the Faraci/Weitz Group represents eleven of the named plaintiffs.

Kessler Topaz Meltzer & Check, LLP ("Kessler Topaz") and Trevett Cristo propose that Kessler Topaz be appointed as interim class counsel and that Trevett Cristo be appointed as interim liaison class counsel. (Dkt. 43). These attorneys represent two of the named plaintiffs.

Calihan Law PLLC ("Calihan Law"), Carlson Lynch Sweet & Kilpela, LLP ("Carlson Lynch"), Lockridge Grindal Nauen P.L.L.P. ("Lockridge Grindal"), Chestnut Cambronne PA ("Chesnut Cambronne"), Scott + Scott, Attorneys at Law, LLP ("Scott + Scott"), and Keller Rohrback L.L.P. ("Keller Rohrback") (collectively the "Calihan Group") propose that Robert B. Calihan of Calihan Law be appointed interim liaison counsel, Gary F. Lynch of Carlson Lynch and Karen H. Riebel of Lockridge Grindal be appointed interim co-lead class counsel, and Bryan L. Bleichner of Chesnut Cambronne, Joseph P. Guglielmo of Scott + Scott, and Cari Campen Laufenberg of Keller Rohrback be appointed to the executive committee. (Dkt. 44). The Calihan Group represents four of the named plaintiffs. In addition, counsel for named plaintiff Katie Fuller has filed a response in support of the Calihan Group's application. (Dkt. 67).

Robbins Geller Rudman & Dowd LLP ("Robbins Geller"), who represents one of the named plaintiffs, proposes that it be appointed interim co-lead class counsel. (Dkt. 45).

-4-

Ahdoot & Wolfson, PC ("Ahdoot & Wolfson"), Finkelstein, Blankinship, Frei-Pearson & Garber, LLP ("Finkelstein Blankinship"), Robinson Calcagnie Robinson Shaprio Davis, Inc. ("Robinson Calcagnie") and Siprut P.C. propose that Tina Wolfson of Ahdoot & Wolfson and Jeremiah Frei-Pearson of Finkelstein Blankinship be appointed interim co-lead class counsel, and that Daniel S. Robinson of Robinson Calcagnie and Joseph J. Siprut of Siprut P.C. be appointed as executive committee members. (Dkt. 50). These attorneys represent five of the named plaintiffs.

All of the applicants are highly-qualified and the Court believes that all of the attorneys would zealously and effectively represent the potential class. However, the Court is charged with identifying the applicant best able to represent the interests of the potential class.

The Court has carefully reviewed the submissions and considered the pending applications for appointment as interim lead class counsel in light of the legal standards set forth above. The Court hereby grants the motion filed by the Faraci/Weitz Group (Dkt. 39) and appoints Ms. Matarazzo and Ms. Greenwald as interim co-lead class counsel and Mr. Gibbs and Ms. Toops as members of the executive committee, for a one-year, renewable term.

The Faraci/Weitz Group has performed considerable work in identifying and investigating potential claims in this action, demonstrated experience in handling complex class actions, shown knowledge of the applicable law, and established a willingness to commit significant resources to representing the class. Additionally, the Faraci/Weitz Group has proposed a comprehensive plan for the prosecution of this matter, and has demonstrated an ability to work with the other firms representing plaintiffs in this action in an expeditious and cooperative manner. The expertise of counsel representing plaintiffs in this case is extensive, and interim co-lead class counsel will be responsible for utilizing that expertise to best

represent the interests of their clients. In addition, the proposed structure of the Faraci/Weitz Group will not overly burden the putative class with unnecessary fees and expenses. Furthermore, the Faraci/Weitz Group is the only proposed structure with significant involvement from a local law firm, which the Court believes is important to effectively represent the class.

The Court is cognizant that, as Robbins Geller argues, it is "not constrained to approve one pre-packaged structure versus another" (Dkt. 66 at 7) and could craft its own leadership structure. However, the Court considers the leadership structure proposed by the Faraci/Weitz Group as additional evidence of its ability to work effectively and cooperatively. As a result, the motion of the Faraci/Weitz Group is granted (Dkt. 39), and the other motions for appointment as interim lead class counsel (Dkts. 43, 44, 45, 50) are denied.

### III. Case Management Issues

No later than February 22, 2016, interim co-lead counsel and Defendants' counsel shall, after conferring, file a joint proposed case management schedule. The parties shall indicate any areas of disagreement and may provide brief argument (no more than 15 pages, combined) setting forth their respective legal positions with respect to any disagreements.

Plaintiffs shall also file a Consolidated Master Complaint no later than February 22, 2016. Defendants shall answer or otherwise respond to the Consolidated Master Complaint no later than April 4, 2016.

An order setting forth the responsibilities of interim co-lead counsel, including billing practices, shall be entered contemporaneously with this Decision and Order.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
United States District Judge

Dated: January 25, 2016
       Rochester, New York