UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

MATTHEW FERO, SHIRLEY KRENZER, and
ERIN O'BRIEN, individually and on behalf of
all others similarly situated,

                Plaintiffs,                              **ORDER**

     -v-                                        6:15-CV-6569 EAW

EXCELLUS HEALTH PLAN, INC. and
LIFETIME HEALTHCARE, INC.,

                Defendants.

_____

      This Order sets forth the responsibilities of Plaintiffs' interim co-lead class counsel and Plaintiffs' executive committee in the above-captioned matter. This order further sets forth guidelines regarding billing and compensability of time and expense of Plaintiffs' counsel.

## RESPONSIBILITIES OF INTERIM CO-LEAD COUNSEL

      Plaintiffs' interim co-lead class counsel is responsible for prosecuting Plaintiffs' and the putative class's claims. Interim co-lead class counsel, in consultation with the executive committee as appropriate, shall be responsible for the following:

      1.     Draft and file the Consolidated Master Complaint, and determine what claims and parties are to be included;

      2.     Determine and present in pleadings, briefs, motions, oral argument, or such other fashion as may be appropriate, personally or by a designee, to the Court and opposing parties the position of Plaintiffs and the putative class on matters arising during the pretrial proceedings;

3.    Coordinate and conduct discovery on behalf of Plaintiffs and the putative class consistent with the requirements of the Federal Rules of Civil Procedure and the Local Rules of Civil Procedure for the Western District of New York;

4.    Consult with and employ expert witnesses;

5.    Draft and file a motion for class certification on behalf of Plaintiffs and the putative class;

6.    Conduct all pre-trial proceedings on behalf of Plaintiffs and the putative class;

7.    Enter into stipulations with Defendants;

8.    Sign all papers filed on behalf of Plaintiffs and the putative class;

9.    Convene meetings of all Plaintiffs' counsel, as necessary;

10.    Form task-specific subcommittees of Plaintiffs' counsel, as appropriate;

11.    Conduct settlement negotiations with Defendants, and if there is a settlement, propose a claims protocol and/or plan of allocation;

12.    Maintain an up-to-date service list of all Plaintiffs' counsel for all consolidated cases, and promptly advise the Court and Defendants' counsel of changes thereto;

13.    Receive and distribute to Plaintiffs' counsel, as appropriate, discovery, pleadings correspondence, and other documents from Defendants' counsel or the Court that are not electronically filed;

14.    Appear at Court-noticed status conferences;

15.    Be the point of contact for all Plaintiffs' counsel and as the attorneys of record with whom the Court will be dealing throughout the course of the litigation;

16.     Delegate specific tasks to other Plaintiffs' counsel in a manner to avoid duplicative efforts and ensure that pretrial preparation for Plaintiffs and the putative class is conducted effectively, efficiently, and economically;

17.     Otherwise coordinate the work of all Plaintiffs' counsel, and perform such other duties as interim co-lead class counsel deem necessary to advance the litigation or as authorized by further order of the Court; and

18.     Maintain and collect time and expense records for work performed, time billed, costs incurred and other disbursements made by Plaintiffs' counsel whose work interim co-lead class counsel has specifically authorized, and submit at the Court's request in writing, *ex parte* and in camera reports to the Court regarding time billed in the prosecution of this action.

## RESPONSIBILITIES OF THE EXECUTIVE COMMITTEE

The Executive Committee shall meet and confer as needed regarding the completion of Plaintiffs' pretrial and trial activities.  In consultation with interim co-lead class counsel, the Executive Committee may establish subcommittees to aid in the effective and efficient conduct of this litigation.  The Executive Committee shall participate in the determination of any significant matters that arise in the litigation.

## PRIVILEGED COMMUNICATIONS

It is hereby ordered that the mere communication of otherwise privileged information among and between Plaintiffs' counsel shall not be deemed a waiver of the attorney-client privilege or the attorney work product  immunity, as the Court recognizes that cooperation by and among counsel is essential for the orderly and expeditious resolution of this litigation.

## BILLING PROCEDURES

Counsel shall only be eligible to receive attorneys' fees and cost reimbursement if the time expended, costs incurred and activity in question were for: (a) benefit of the putative class, (b) appropriately authorized, (c) timely submitted, and (d) approved by the Court. Plaintiffs' counsel shall use the following billing procedures with respect to this matter:

1.      Counsel shall keep a daily contemporaneous record of their time in tenth-of-an-hour (6 minute) increments;

2.      Time records shall specify for each attorney, the date, the hours expended, and the nature of the work done.  In describing the nature of the work, counsel shall be specific regarding the task performed, list any other participants involved and which member of the plaintiffs' leadership group approved the work. Counsel shall also clearly indicate the participant's position in the firm (i.e. Partner, Associate, Paralegal);

3.      Counsel shall not block bill.  Only closely related tasks shall be billed together;

4.      Counsel shall provide an Excel report of their time for the preceding month on the 15th day of each month to Hadley Matarazzo at ExcellusTime@faraci.com.  Ms. Matarazzo will provide an electronic copy of an Excel template to all counsel who may be authorized to do work for the benefit of the putative class, which shall be used to make monthly submissions.  Within 30 days of entry of this Order, submissions shall be made for all time incurred prior to January 25, 2016;

5.      Interim co-lead class counsel will review the time reports submitted at reasonable intervals and will strike duplicative or inefficient billing, billing for unauthorized work, and request clarification as necessary;

6.     Unless interim co-lead class counsel determines that an exception is necessary and authorizes the exception in writing, the following rules shall apply:

    a.     Counsel will only bill for work authorized by interim co-lead class counsel in writing;

    b.     Counsel will only bill for attorney and paralegal time, not clerical or technical support;

    c.     Counsel will not bill for more than two attorneys to attend a court conference in person or by telephone;

    d.     Counsel will not bill for more than two attorneys to attend a deposition; and

    e.     Counsel will not bill for attending meetings or conference calls unless interim co-lead class counsel deems their presence necessary.

7.     Counsel shall provide an Excel report of their expenses with documentation for each expense for the preceding month on the 15th day of each month to Hadley Matarazzo at ExcellusExpenses@faraci.com.  Ms. Matarazzo will provide an electronic copy of an Excel template to all counsel authorized to do work for the benefit of the putative class, which shall be used to make monthly submissions. Within 30 days of entry of this Order, submissions shall be made for all expenses incurred prior to January 25, 2016.

8.     Interim co-lead class counsel will review the expense reports submitted at reasonable intervals and will strike duplicative or unapproved expenses, request missing back up documentation, and request clarification as necessary.

9.     Only reasonable expenses will be reimbursed from any recovery for the class. Except in extraordinary circumstances approved by interim co-lead class counsel in advance in writing, all travel reimbursements are subject to the following limitations:

a.     Airfare.   Ordinarily only the price of a coach seat for a reasonable itinerary will be reimbursed.  Business/First Class airfare will not be fully reimbursed with limited exception such as overnight flights or cross-country flights that must be approved by interim co-lead counsel in writing prior to booking.  In the event counsel chooses to book non-coach flight without prior written approval, counsel shall only be reimbursed to the extent of the full coach fare if the full coach fare for that flight is contemporaneously documented and submitted with the monthly expense report.

b.     Hotel.  Hotel room charge for the average room rate of a business hotel, including the Hyatt, Hilton, Sheraton, Radisson, Westin, and Marriott hotels, in the city in which the stay occurred will be reimbursed.  Luxury hotels will not be fully reimbursed, but will be reimbursed at the average rate of a business hotel in the same city.

c.     Meals.  Meal expenses must be reasonable.

d.     Rental Cars.  Luxury automobiles will not be fully reimbursed, unless only luxury vehicles are available.  If counsel chooses a luxury vehicle, counsel must provide contemporaneous showing that no other vehicle was available or provide the non-luxury vehicle rate if available so counsel can be reimbursed for the non-luxury vehicle rate.

e.      Mileage.   Mileage claims must be documented by stating origination point, destination, and total actual miles for the trip. The reimbursement rate will be the maximum allowed by the IRS.

f.      Non-Travel Expenses.    Reasonable, contemporaneously documented expenses will be reimbursed, so long as they reflect actual costs incurred.   Examples include overnight shipping and courier services, postage charges, and computerized research expenses.

SO ORDERED.

ELIZABETH A. WOLFORD
United States District Judge

Dated: January 25, 2016
       Rochester, New York