UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

MATTHEW FERO, et al.,

           Plaintiffs,           **ORDER**

v.                              15-CV-6569 EAW

EXCELLUS HEALTH PLAN INC., et al.,

           Defendants.

_____

      Having considered Plaintiffs' motion to file under seal: (1) Exhibit E to Hadley L. Matarazzo's Declaration: Mandiant Intrusion Report, in its entirety; (2) portions of Plaintiffs' Memorandum of Law in Support of Plaintiffs' Motion for Reconsideration; (3) portions of John E. Jorgensen's Expert Affidavit; (4) the accompanying Declaration of Hadley L. Matarazzo in Support of the Motion to Seal; and (5) the complete, un-redacted versions of the sealed documents that have been sent to the Clerk's Office and Chambers; and upon no objection by the Excellus Defendants, the Court hereby grants the motion in its entirety.

      Pursuant to Local Rule of Civil Procedure 5.3, a party may request that a document be filed under seal upon a "substantial showing" that the party's interest in non-disclosure trumps the public's right to access judicial documents. *See also Routh v. Univ. of Rochester*, 981 F. Supp. 2d 184, 216 (W.D.N.Y. 2013) (on a motion to seal, the Court must balance the public's interest in open access with the countervailing private interests of the party seeking to limit disclosure). "[T]here can be (and often are) considerations of personal privacy, public safety, or a business's proprietary information, such as trade secrets or

confidential research, that can trump the right of the public to access court records." *Crossman v. Astrue*, 714 F. Supp. 2d 284, 287 (D. Conn. 2009); *see also Travelers Indem. Co. v. Excalibur Reinsurance Corp.*, No. 3:11-CV-1209 (CSH), 2013 WL 4012772, at *5 (D. Conn. Aug. 5, 2013) (granting motion to seal with respect to documents that "reveal sensitive business information . . . such as confidential proprietary information, documents and client data").

Plaintiffs may file under seal Exhibit E to Hadley L. Matarazzo's Declaration: Mandiant Intrusion Report, in its entirety. Plaintiffs may also file under seal their Memorandum of Law, which has been redacted on pages 18-20, and John E. Jorgensen's Expert Affidavit, which has been redacted on pages 5-13. The documents at issue contain or summarize information about the Mandiant Intrusion Report "that, if publicly disclosed, could harm the security of Defendant's physical or information security systems, reveal sensitive and confidential trade secrets, or cause other significant financial or physical harm to the Defendants, their employees, clients, and insureds," as contemplated by the Stipulated Qualified Protective Order. (Dkt. 95 at ¶ 4(b)). Under these circumstances, sealing of these particular documents is appropriate. *See Travelers*, 2013 WL 4012772, at *5 (granting motion to seal portions of documents revealing sensitive business information). Accordingly, it is hereby ORDERED that Plaintiff's motion to seal is granted.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
United States District Judge

Dated: March 23, 2017
      Rochester, New York