UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

MATTHEW FERO, et al.,

        Plaintiffs,

    v.

EXCELLUS HEALTH PLAN INC., et al.,

        Defendants.

6:15-CV-06569 EAW

---

### DECLARATION OF HADLEY L. MATARAZZO IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

I, Hadley L. Matarazzo, Esq., declare and state as follows:

1. I am an attorney duly licensed to practice in New York State, and I am a partner in the law firm of Faraci Lange, LLP. I am fully familiar with the facts and circumstances surrounding this action. I submit this declaration in support of Plaintiffs' Motion for Class Certification.

2. By Decision and Order dated January 25, 2016 (ECF No. 80), Robin L. Greenwald of Weitz & Luxenberg, P.C. and I were appointed interim co-lead class counsel in this matter, and Eric H. Gibbs of Girard Gibbs (now Gibbs Law Group) and Lynn A. Toops of Cohen & Malad were appointed members of the executive committee (collectively referred to here as "Plaintiffs' Lead Counsel").

3. Since appointment as interim co-lead class counsel almost four years ago, Plaintiffs' Lead Counsel has been effectively, efficiently and vigorously litigating this matter on behalf of the putative classes. Plaintiffs' Lead Counsel have done so in accordance with and pursuant to the Order, also entered January 25, 2016, setting forth the responsibilities of Plaintiffs' Lead Counsel and governing guidelines regarding billing practices. (Dkt. #81.)

4. I have been responsible for managing and coordinating all work of Plaintiffs' Lead Counsel. During this litigation, I have asked other lawyers in my firm and other law firms to assist with litigation-specific work, including but not limited to the review of the extensive documents produced by defendants during discovery, defense of class representative plaintiffs' depositions, expert discovery, expert depositions, a four day 30(b)(6) deposition of involving five corporate designees, production of plaintiffs' discovery, third-party discovery, as well as extensive motion practice. I also specifically called on Cory Fein, of Cory Fein Law Firm, and Bradley King of Ahdoot Wolfson, P.C., whose clients Carlos Martinho, Carole Preston, and Don Korn are named class representative plaintiffs in the Consolidated Master Complaint, to assist in certain discovery tasks associated with their clients.

5. To ensure efficiency, I have managed and directed the work being performed by all counsel in this matter. Further, my firm has on a monthly basis collected contemporaneous time and expense reports from every law firm that has billed time or incurred an expense in the prosecution of this putative class action. I have personally reviewed and approved each monthly report to ensure Plaintiffs' Lead Attorneys have been working efficiently.

6. Plaintiffs respectfully request this Court appoint me and James J. Bilsborrow of Weitz & Luxenberg as co-lead class counsel, and to appoint Eric H. Gibbs of Gibbs Law Group, LLP and Lynn A. Toops of Cohen & Malad, LLP, as Plaintiffs' executive committee members. Attorney Bilsborrow, Attorney Gibbs and Attorney Toops are filing Declarations in support of Plaintiffs' Motion for Class Certification in which they each set forth their qualifications and the significant, valuable work they and their firms have done in this matter on behalf of the putative classes.

7. Notably, James J. Bilsborrow of Weitz & Luxenberg, P.C. has worked closely with Robin L. Greenwald, me, and other executive committee attorneys in the leadership and prosecution of this action. Mr. Bilsborrow has dedicated considerable time to this matter and has gained an integral understanding of the case, the claims, the parties, and the technical issues involved in the data breach at issue. Attorney Bilsborrow's firm, Weitz & Luxenberg, is an experienced and prominent plaintiffs' class action law firm. *See* Declaration of James J. Bilsborrow in Support of Motion for Class Certification.

8. Together, Attorney Bilsborrow and I, with our executive committee members, have the experience to adequately represent the classes of plaintiffs sought to be certified. The work we have done in this matter satisfies the applicable criterion under Rule 23(g) to serve as class counsel.

**FARACI LANGE LLP LITIGATION EXPERIENCE**

9. My firm, Faraci Lange LLP, has been engaged in the practice of law for over 50 years and is devoted to representing the interests of injured plaintiffs and consumers.  The firm has offices in Rochester and Buffalo, and currently employs 14 attorneys, as well three nurse consultants, and a staff of paralegals and legal assistants. The firm has a stellar reputation in both the legal and broader community, and its attorneys pride themselves on providing individualized service and top-notch representation to every client no matter how big or small the case. Faraci Lange attorneys are experienced trial attorneys who have been called on to litigate and try all types of cases, including complex medical malpractice cases, environmental toxic tort cases, mass tort product liability cases, consumer and employment class actions, and contract cases.

10. Faraci Lange has 12 attorneys listed in the prestigious Best Lawyers in America directory under personal injury law and twelve attorneys listed in the Upstate New York Super Lawyers directory, including lawyer of the year in various aspects of personal injury practice.  Five

of the firm's attorneys have been elected to the American Board of Trial Advocates and three are members of the American College of Trial Lawyers. Faraci Lange is also an AV rated law firm listed on Martindale Hubbell's list of America's Preeminent Law Firms.

## COUNSEL'S LITIGATION AND CLASS ACTION EXPERIENCE

11. I am an experienced class action litigator familiar with the legal and factual issues in this case, and I am qualified to serve as class counsel. I oversee the firm's medical device and pharmaceutical mass tort and consumer protection litigation practices. I also handle data breach, environmental toxic tort, and medical malpractice cases, and have tried other catastrophic injury cases with my partners. I tried several personal injury cases involving complicated medical issues as well as an environmental toxic tort case against General Electronic Company involving more than 80 plaintiffs. My client's case was one of two bellwether cases in the *In re DePuy Orthopaedics, Inc., ASR Hip Implant Products Liability Litigation* (MDL 2197) in Toledo, Ohio. I was part of the four member trial team and was responsible for specific causation, which included the areas of the orthopedic pathology and immunology. On the eve of trial, an MDL-wide settlement was reached.

12. I was appointed by the court to the Plaintiffs' Steering Committee in *In re Biomet M2A Magnum Hip Implant Products Liability Litigation* (MDL 2391), pending in the Northern District of Indiana, and the Science Committee in the *Stryker Rejuvenate/ABG II Multi County Litigation* (MCL 296), pending in Bergen County, New Jersey. Global settlements were reached in both of these MDLs.

13. I was also appointed by the court to the Plaintiffs' Steering Committee in *In re Bard IVC Filter Products Liability Litigation* (MDL 2641), pending in the District of Arizona, and was

on the trial team for the first bellwether trial that resulted in a $3.6 million dollar in favor of plaintiff in March 2018.

14. More relevant to this matter, I was actively involved in the prosecution of a putative class action with co-counsel in *Denier v. Taconic Biosciences, Inc.*, Index No 00255851, pending in Rensselaer County, New York. This data breach class action was brought on behalf of a putative class of employees of Taconic whose PII, including Social Security numbers, was stolen in a targeted phishing scam. Following mediation, *Denier* settled before a decision was issued on Plaintiffs' Motion for Class Certification, resulting in a very favorable settlement for the class.

15. I have also successfully represented plaintiffs in large environmental contamination cases in New York State courts that have established important precedents in this area of the law, including *Allen v. General Elec. Co.*, 32 A.D.3d 1163 (4th Dept. 2006); *Baity v. General Elec. Co.*, 86 A.D.3d 948 (4th Dept. 2011); and *Ivory v. International Business Machines Corp.*, 116 A.D.3d 121 (3d Dept. 2014).

16. More recently, our firm was also appointed interim co-lead class counsel on behalf of plaintiffs in *Baker et al, v. Saint Gobain Performance Plastics, Corp., et al.* Civ. No. 1:16-CV-917, by the Hon. Lawrence E. Kahn, U.S.D.J., N.D.N.Y., a putative class action arising out of contamination of drinking water with PFOA in Hoosick Falls, New York, and is also co-lead class counsel in *Burdick, et al. v. Tonoga, Inc.*, Rensselaer County Index No. 00253835, related to PFOA contamination in Petersburgh, New York. I am actively involved in both these cases.

17. Kathryn Lee Bruns, counsel at Faraci Lange, has worked closely with me on this case since its inception. Ms. Bruns has been extensively involved in discovery, and has been the primary client contact for all of our class representative plaintiffs. She has handled all aspects of

plaintiffs-sided discovery. She has had significant involvement in all substantive motions and in overseeing discovery.

18. Ms. Bruns is an expert in Federal and New York State practice and procedure. From 2002-2007, Ms. Bruns served as a confidential law clerk for the Honorable David G. Larimer in the United States District Court for the Western District of New York. From 1997 through 1999, she clerked for the New York State Appellate Division, Fourth Judicial Department analyzing civil and criminal appeals.

19. Ms. Bruns regularly collaborates with other law firms to prosecute complex consumer and employee class and collective action cases, and products liability cases in the Western District of New York. Ms. Bruns was also on the litigation team prosecuting the collective and class action *Ellersick, et al. v. Monro Muffler Brake, Inc.*, 10-cv-6525-FPG-MWP, W.D.N.Y., which case settled successfully on behalf of more than 1100 automobile technicians who sought back pay and overtime compensation.

20. Ms. Bruns, along with other Faraci Lange attorneys, is prosecuting two consumer class actions pending in the Western District of New York involving overcharges to patients for copies of their own medical records. Faraci Lange was appointed co-lead class counsel in *McCracken et al, v. Verisma Systems, Inc.*, Civ. No. 6:14-CV-0648 by the Hon. Michael A. Telesca, U.S.D.J., and is acting as co-lead counsel in a similar action, *Carter et al, v. CIOX Health, LLC, et al*. Case No. 14-CV-6275. Ms. Bruns also served as local counsel in two products liability actions related to injuries sustained from the use of defective table saws.

21. Ms. Bruns regularly drafts and argues motions and appeals in New York State Supreme Court and the Appellate Division.

22. Plaintiffs' Lead Counsel have performed significant work litigating this case on behalf of the putative classes. To date, this has included the following legal work performed or managed by Plaintiffs' Lead Counsel:

- Drafting responses to two motions to dismiss, each filed by both the Excellus Defendants and Defendant BCBSA;

- Preparing and filing a motion for reconsideration of the Court's motion to dismiss decision;

- Drafting and propounding over 100 specific Requests for Production of Documents to defendants, and thereafter engaging in several dozen lengthy, substantive meet and confers in person and by telephone with defense counsel, including, inter alia, negotiating search terms to be used in ESI discovery and prioritization of document production;

- Drafting and propounding Interrogatories to defendants;

- Analyzing numerous categorical and document-by-document privilege logs containing thousands of logged documents or categories of documents, and filing motions to compel documents off of same;

- Receiving and overseeing the efficient, targeted review of approximately 45 separate productions of responsive ESI and documents from defendants between 2016 and 2019, totaling over 95,000 separate documents/records encompassing more than 1,250,000 Bates pages;

- Serving discovery requests via subpoena to and receiving responses from third-parties, including Synchrony Bank, FireEye, Kroll, and Aptus Business Consulting, Inc.;

- Responding to multiple requests for production and interrogatories from defendants for all class representative plaintiffs;

- Preparing 17 class representative plaintiffs for their depositions and defending them in New York, Pennsylvania, Florida, California, Indiana, North Carolina, and New Jersey;

- Taking four seven-hour days of 30(b)(6) depositions of five Excellus corporate witness designees, covering approximately 31 agreed-upon topics;

- Preparing for and taking four expert depositions of defendants' experts;

- Preparing and serving three expert witness reports and three rebuttal reports;

- Preparing for and defending four depositions of plaintiffs' experts;

- Defending a non-party deposition;

- Regularly engaging in dozens of meet and confers with defense counsel on a numerous, significant discovery disputes, and resolving many of the same short of motion practice usually with Magistrate Judge McCarthy's assistance;

- Filing, arguing, and defending discovery motions, including a significant motion to compel documents from a privilege log that resulted in the de-designation of thousands of documents designated privileged by defendants (including the Mandiant Intrusion Report) related to the breach investigation by Mandiant;

- Attending numerous in-person conferences with Magistrate Judge McCarthy regarding discovery disputes with defendants over search terms, scheduling of document productions, non-party subpoenas, clawback issues, and privilege designations, some issues of which are still pending with the Magistrate; and

- Drafting this class certification motion.

23. During the course of this litigation, together with Attorneys Bilsborrow and Greenwald, I have had the overall responsibility for developing and implementing the driving litigation strategy and workflow during the last four years, with significant input from executive committee members and/or attorneys with their firms, including Attorney Gibbs, Attorney Toops, Attorney Berger, Attorney Miller, and Attorney Bruns, among others. I have scheduled and held countless hours of strategy telephone conferences with leadership and at least three all-day, in person litigation and discovery strategy meetings at significant points in the litigation.

24. The putative classes will benefit from the continuity of representation by our continued appointment as co-lead class counsel and executive committee members. We are committed to continuing representation and leading this case on behalf of the putative classes sought to be certified in the instant motion for class certification.

## EXHIBITS IN SUPPORT OF MOTION FOR CLASS CERTIFICATION

25. Annexed hereto as Exhibits A – XX, are true and correct copies of documents produced or served in this litigation, documents otherwise publically available, expert reports, and deposition testimony. Those are:

| Exhibit No. | Bates No. | Description |
| --- | --- | --- |
| A | n/a | BCBS Service Benefit Plan Booklet for FEP Plans |
| B | n/a | Ponemon Institute Research Report, Third Annual Benchmark Study on Patient Privacy & Data Security, December 2012 |
| C | n/a | HITRUST Alliance, A Look Back: U.S. Healthcare Data Breach Trends, December 2012 |
| D | n/a | Ponemon Institute Research Report, 2013 Survey on Medical Identity Theft, September 2013 |
| E | n/a | John E. Jorgensen, Digital Data Forensic and Cyber Security Analysis Report, May 15, 2019 |
| F | EXC009347 | Mandiant Intrusion Report, December 9, 2015 |

| | | |
|---|---|---|
| G | EXC087611 | August 2015 Email Chain re Meeting Association Requirements with Subject FTP Issues |
| H | EXC141373 | September 2015 Spreadsheet Tracking IT Projects |
| I | EXC127869 | Gartner Information Security Project Draft Recommendations, April 2-3, 2014 |
| J | EXC325201 | August 1, 2012 email from Kristine Gallivan "OCR - HIPAA - Lessons learned - follow up" |
| K | EXC169215 | Risk Assessment Tracking Workbook, 2014-2015 |
| L | EXC314768 | SRA 2011 Penetration Assessment Report |
| M | EXC362673 | SRA 2012 Penetration Assessment Report |
| N | EXC089269 | SRA 2013 Security Assessment Report |
| O | EXC314766 | Excellus spreadsheet discussing SRA 2011 findings |
| P | EXC016713 | SRA 2015 Security Assessment Report |
| Q | EXC009389 | Mandiant Report on System Analysis of CSPRDASRV2 |
| R | EXC173446 | March 2015 Report on Information Security Incident - Provider Account Compromised |
| S | EXC017081 | FBI Flash Alert |
| T | EXC009461 | Mandiant Report on Forensic Examination of W2RSHR02-OLD |
| U | n/a | SANS Institute, Patch Management, 2007 https://www.sans.org/reading-room/whitepapers/iso17799/patch-management-2064 |
| V | EXC162568 | February 2015 Network Security Assessment Executive Summary Memo |
| W | EXC162562 | February 2015 Email Chain Regarding Draft Network Security Assessment Executive Summary and Gap Report |
| X | n/a | SANS Institute, Importance of Understanding Logs from an Information Security Standpoint, 2001 |
| Y | n/a | SANS Institute, Creating a Logging Infrastructure, 2017 |
| Z | EXC01179809 | Gartner July 10, 2012 Security Monitoring |
| AA | EXC01025910 | September 2015 Email Chain I re Log Files |
| BB | EXC01025733 | September 2015 Email Chain II re Log Files |

| | | |
|---|---|---|
| CC | n/a | Excerpts from Bruce Jones 30(b)(6) Testimony |
| DD | EXC159413 | March 2013 IT Security strategic document |
| EE | EXC016606 | Mandiant Remediation Report, December 9, 2015 |
| FF | n/a | Excerpts from Kelly Wheeless 30(b)(6) Testimony |
| GG | n/a | Excellus NOPP |
| HH | n/a | Declaration of William Breskin |
| II | EXC000820 | Affected Individuals by State |
| JJ | FEYE-0000351 | Mandiant Attribution Report |
| KK | n/a | John E. Jorgensen, Digital Data Forensic and Cyber Security Analysis Report, October 18, 2019 |
| LL | EXC128481 | Anatomy of an Attack Flowchart |
| MM | n/a | Federico Campbell Deposition Testimony |
| NN | EXC086018 | Deloitte Inquiries Re: Excellus Cyberattack |
| OO | FEYE-0005879 | Draft Letter to Senator Nozzolio with Jason Rebholz Comments |
| PP | EXC01018936 | FireEye Intel Report on Group A |
| QQ | n/a | Excellus and Lifetime's Web Notifications |
| RR | EXC017071 | Privacy Incident Report to California |
| SS | n/a | Declaration of James Van Dyke |
| TT | TBOOMERSHINE000015 | LTHC Notice Letter to Therese Boomershine |
| UU | n/a | Declaration of Greg M. Allenby |
| VV | Multiple | Certificates of Coverage with NY Choice of Law Provisions |
| WW | n/a | Rebuttal Declaration of Greg M. Allenby |
| XX | n/a | John E. Jorgensen Rebuttal Report, November 1, 2019 |

26. Exhibit VV is a collection of 41 Named Plaintiffs Certificates of Coverage. Each one contains a choice of law provision and designates New York law as governing. The choice of law provisions can be found on the following pages: EXC001968, EXC002102, EXC002231, EXC003286, EXC003452, EXC003632, EXC004257, EXC004413, EXC004579, EXC004692, EXC004794, EXC004904, EXC005028, EXC005143, EXC005253, EXC005397, EXC005502, EXC005612, EXC005710, EXC005813, EXC005982, EXC006140, EXC006273, EXC006947,

EXC007016, EXC007134, EXC007248, EXC007343, EXC007429, EXC007517, EXC007610, EXC007687, EXC007794, ESC007901, EXC008709, EXC014084, EXC014189, EXC014557, EXC014651, EXC014755, EXC01511.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

DATED: November 22, 2019  s/Hadley L. Matarazzo
Rochester, New York  Hadley L. Matarazzo