UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

MATTHEW FERO, et al.,

                        Plaintiffs,

v.

EXCELLUS HEALTH PLAN INC., et al.,

                        Defendants.

**INTERIM DECISION
AND ORDER REGARDING
PRIVILEGE**

6:15-CV-06569-EAW-JJM

_____

The parties' familiarity with the relevant procedural history is presumed. At issue for present purposes are the Excellus defendants' claims of attorney-client or work product privilege with respect to 64 highlighted entries on their privilege log [359],[1] copies of which have been submitted to me for *in camera* review. Although plaintiffs had initially designated 70 documents for my review ([358], p. 1), the parties have now reached agreement as to six of those documents. Jacobs letter, October 21, 2019, p. 1.

This Interim Decision and Order expands upon the comments which I made to counsel for the Excellus defendants during the *ex parte* conference which I conducted (with plaintiffs' permission) on November 26, 2019.

**DISCUSSION**

"It is axiomatic that the burden is on a party claiming the protection of a privilege to establish those facts that are the essential elements of the privileged relationship . . . a burden not discharged by mere conclusory or ipse dixit assertions." In re Grand Jury Subpoena Dated

---

[1]     Bracketed references are to the CM/ECF docket entries. Unless otherwise indicated, page references are to numbers reflected on the documents themselves rather than to the CM/ECF pagination.

January 4, 1984, 750 F.2d 223, 224-25 (2d Cir. 1984). Although Fed. R. Civ. P. ("Rule") 26(b)(5) "does not attempt to define for each case what information must be provided when a party asserts a claim of privilege or work product protection" (1993 Advisory Committee Notes), the party invoking the privilege must provide "a specific and detailed explanation of why the particular document is claimed to be privileged". Lunts v. Rochester City School District, 2011 WL 108913, at *1 (W.D.N.Y. 2011). This requirement applies "to each of the documents in question". FDIC v. Arrillaga-Torrens, 212 F. Supp. 3d 312, 368, n. 43 (D.P.R. 2016).

"The party invoking the privilege also has the burden to show that the privilege has not been waived." Wultz v. Bank of China Ltd., 304 F.R.D. 384, 391 (S.D.N.Y. 2015). Although the "voluntary disclosure of confidential, privileged material to a third-party waives any applicable privilege", In re Velo Holdings Inc., 473 B.R. 509, 514 (Bk. S.D.N.Y. 2012), the Excellus defendants have argued that Mandiant's involvement in many of the documents does not waive privilege because "communications with third party consultants and professionals that facilitate attorneys' abilities to render legal advice by deciphering, interpreting, and elaborating complex industry-specific subject-matter principles are privileged". Excellus defendants' Opposition [278], p. 22, *citing* United States v. Kovel, 296 F.2d 918, 922 (2d Cir. 1961).

Although I was "unable to conclude that the Excellus defendants have met their burden of demonstrating that *all* of the documents sought are protected by the attorney-client and work product protections" (March 4, 2019 Decision and Order [293], p. 22, emphasis in original), I recognized "that, given Mandiant's role in working with outside counsel, there may be some privileged communications or work-product protected information in the withheld documents". Id. Therefore, the Excellus defendants are not foreclosed from arguing that Mandiant performed an interpretive function as to certain documents.

However, they may not argue that Mandiant was the functional equivalent of an employee. Although they had suggested that "[a]n argument *could* be made that communications with Mandiant would still be privileged under the 'functional equivalent' doctrine" (Excellus defendants' Opposition [278], p. 14, n. 9, emphasis added), they did not actually make that argument in opposing plaintiffs' motion to compel. "[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. This rule has particular force where [a party] makes an argument only in a footnote." United States v. Botti, 711 F.3d 299, 313 (2d Cir. 2013).

Based solely on my *in camera* review, I am unable to discern whether any of the remaining 64 documents are privileged, or whether any privilege has been waived. However, "[c]ourts have a degree of discretion in assessing whether a claim of privilege has been adequately supported". CSC Recovery Corp. v. Daido Steel Co., 1997 WL 661122, *2 (S.D.N.Y. 1997). While "affidavits by the authors and recipients of the documents are not invariably required, particularly where the context in which the documents were created, or the documents themselves, leave little doubt as to whether a privilege has been properly asserted" (id.), "in some cases, especially given the complicated nature of the matters at issue, the Court requires further context to understand the claim of privilege. An email or document, for example, may contain terms, short-hand, or references that the Court does not understand without further factual explanation of the context of that discussion. In this regard, it is appropriate to allow Defendants to attempt to meet their burden to establish a privilege, where necessary, via submission of additional evidence". United States v. Davita, Inc., 301 F.R.D. 676, 686 (N.D. Ga.), on reconsideration in part, 2014 WL 11531065 (N.D. Ga. 2014).

"In this regard, the Court generally permits the filing and reliance on *ex parte* affidavits", which "may reveal privileged information to the extent that they help explain the context of particular communications". Id.; *see also* Zivali v. AT&T Mobility LLC, 2010 WL 5065963, *1 (S.D.N.Y. 2010) (requesting "a copy of the three disputed documents, a brief memorandum explaining [the] argument, and any *ex parte* declarations necessary to establish the basis for the claims of privilege"); FPL Group, Inc. v. I.R.S., 698 F. Supp. 2d 66, 84 (D.D.C. 2010) ("if defendant continues to invoke the attorney-client privilege for any of these documents, the documents must be accompanied by an affidavit submitted *in camera* explaining how" the privilege applies).

Therefore, on or before December 31, 2019 the Excellus defendants may submit *ex parte* affidavits and/or briefs explaining why privilege exists (and has not been waived) for each document. They must "determine what portions [of those submissions] they truly believe warrant withholding on grounds of privilege, and . . . produce the remainder to Plaintiffs". Davita, 301 F.R.D. at 686; *see also* Pacific Gas & Electric Co. v. United States, 71 Fed. Cl. 205, 210 and n. 5 (2006) ("defendant shall . . . provide to plaintiff each affidavit in substantially the form provided to the court in defendant's . . . submission for the court's review *in camera* . . . . [D]efendant may redact, summarize or compress the few passages in these affidavits that are particularly revelatory of the contents of" privileged matters).

A further conference will be held on January 7, 2020 at 4:00 p.m. to set a deadline for plaintiffs' response. For those electing to participate by telephone, the court has arranged a dial-in teleconference. To access the teleconference, the parties shall dial (703) 724-3100, enter access code 4100030#, and then pin 9999# sufficiently in advance of the conference.

SO ORDERED.

Dated: December 3, 2019

/s/ Jeremiah J. McCarthy
JEREMIAH J. MCCARTHY
United States Magistrate Judge