UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

MATTHEW FERO, *et al.*,

                            Plaintiffs,

v.

EXCELLUS HEALTH PLAN, INC., *et al.*,

                            Defendants.

**SUPPLEMENTAL DECISION AND ORDER**

15-CV-06569(EAW)(JJM)

---

        The parties' familiarity with the facts and relevant procedural history is presumed. By Decision and Order dated March 4, 2019 [293 (unredacted), 304 (redacted)],[1] I denied, without prejudice, plaintiffs' motion [221] seeking to compel the production of allegedly privileged documents withheld by the Excellus defendants involving their cybersecurity consultant FireEye, Inc., d/b/a Mandiant, but granted the motion to the extent that it sought production of certain of those documents for my *in camera* review.

        I stated that "[a]lthough I am unable to conclude that the Excellus defendants have met their burden of demonstrating that *all* of the documents and sought are protected by the attorney-client and work product protections, it may be that, given Mandiant's role in working with outside counsel, there may be some privileged communications or work-product protected information in the withheld documents . . . . Therefore, using this Decision and Order as a guide, the Excellus defendants shall re-review the withheld documents, and if there are specific documents or discrete portions of documents that the Excellus defendants continue to believe

---

[1]    Bracketed references are to CM/ECF docket entries.

contain privileged information, they shall be specifically catalogued on a superseding privilege log (by document, rather than categorical to permit plaintiffs to make an intelligent determination about the validity of the assertion of privilege) with unredacted copies provided to me for my *in camera* review." [304], pp. 22, 23.

Thereafter, the Excellus defendants created a "Supplemental Privilege Log" as to 205 documents. For present purposes, the parties have asked me to focus on the following documents highlighted on that Log [359] (numerical references are to the first column of the Log): 2-4, 6, 8-10, 13-18, 23, 24, 26, 27, 31, 32, 50, 51, 70-72, 80-94, 96, 100, 105, 111-123, 126-128, 132, 144, 188-190, 202, 204, and 205. The Excellus defendants claim attorney-client privilege for all of the withheld documents, as well as work product privilege for documents 13, 14, and 205.

Following an *in camera* review of the documents and an *ex parte* conference with counsel for the Excellus defendants on November 26, 2019 (held with plaintiffs' permission), on December 3, 2019 I issued an Interim Decision and Order in which I stated that I was still "unable to discern whether any of the . . . documents are privileged, or whether any privilege has been waived". [401], p. 3. Reminding the Excellus defendants that it is their burden to justify the existence of privilege specifically as to each document and to demonstrate that any such privilege as not been waived (id., pp. 1-2), I gave them until December 30, 2019 to "submit *ex parte* affidavits and/or briefs explaining why privilege exists (and has not been waived) for each document". Id., p. 4.

In response to the Interim Decision and Order, on December 30, 2019 the Excellus defendants submitted a Sur-Reply [504], Declarations of declarations of Brenda A. Rigas [506] and Theodore J. Kobus [507], and an "Appendix A" (not shared with plaintiffs)

which discussed in greater detail their basis for invocation of privilege [505]. Plaintiffs responded by Sur-Reply dated January 24, 2020 [410, 413], and the Excellus defendants submitted a Further Sur-Reply dated February 7, 2020 [508]. Thereafter, plaintiffs submitted a letter brief dated May 28, 2020 concerning documents 13 and 14, and the Excellus defendants responded by letter brief dated May 29, 2020.

My law clerk Matthew Yusick and I have each spent several hours reviewing the contested documents in light of the parties' submissions. I recognize that the parties - in particular the Excellus defendants - are more familiar than I with the facts at issue and the context of these documents. Nevertheless, it remains the Excellus defendants' burden to persuade me that the documents are privileged and that the privilege (if any) has not been waived, and they have failed to do so. Their recent submissions essentially reargue the same points which I already rejected in my March 4, 2019 Decision and Order and my December 3, 2019 Interim Order, neither of which they objected to.

Frankly, none of the documents appear to be of great significance, nor do they appear to seek legal (as opposed to business) advice. If there are privileged aspects to them, the Excellus defendants have failed to convince me that Mandiant (which is a party to the communications) was serving an interpretive function which would ensure against waiver. With respect to those few documents for which work product privilege is asserted, the Excellus defendants have failed to show that they would not have been produced in essentially the same form but for the threat of litigation.

## CONCLUSION

For these reasons, absent a stay by District Judge Elizabeth A. Wolford, the Excellus defendants shall furnish plaintiffs with unredacted versions of documents 2-4, 6, 8-10, 13-18, 23, 24, 26, 27, 31, 32, 50, 51, 70-72, 80-94, 96, 100, 105, 111-123, 126-128, 132, 144, 188-190, 202, 204, and 205 by no later than August 13, 2020.

**SO ORDERED.**

Dated: August 3, 2020

                                                    Jeremiah J. McCarthy
                                                    United States Magistrate Judge