UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

───────────────────────────────────────────

MATTHEW FERO, *et al.*,

        Plaintiffs,

v.                                       6:15-cv-06569 EAW

EXCELLUS HEALTH PLAN, INC., *et al.*,

        Defendants.

───────────────────────────────────────────

## ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND DIRECTING NOTICE OF PROPOSED SETTLEMENT

The parties to the above-captioned litigation (hereafter, the "Settling Parties") have applied for an order, pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, in connection with a proposed settlement of the above-captioned litigation (hereafter, the "Action"), in accordance with the terms of the Class Action Settlement Agreement and Release they entered into as of December 9, 2021 (hereafter the "Settlement Agreement"). The Court has carefully reviewed the Settlement Agreement, including the exhibits attached thereto, and agrees with the Settling Parties that good cause exists for the Court to approve the Parties' Settlement.

IT IS THEREFORE HEREBY ORDERED that:

1. <u>Preliminary Approval of the Settlement</u>. The Settlement Agreement, including the exhibits attached thereto, are preliminarily approved as fair, reasonable, and adequate, in accordance with Rule 23(e) of the Federal Rules of Civil Procedure, pending a final hearing on the Settlement as provided herein, and subject to the change being made to

paragraph 5.2 of the Settlement Agreement as discussed on the record during the hearing conducted on January 14, 2022 (*i.e.*, the language "that relates in any way to claims for injunctive or declaratory relief" shall be inserted before "in any way relating to the Security Incident" at the end of the first sentence in that paragraph).

Specifically, the Court finds that the class representatives and class counsel have adequately represented the class in all respects. The Court further finds that the settlement proposal was negotiated at arm's length by informed and experienced counsel after two mediation sessions with mediator Bennett G. Picker. The relief provided to the class under the settlement proposal is adequate, and will provide a benefit to all Injunctive Relief class members, whose information remains in Excellus's possession, custody and control. Moreover, there would be substantial costs, risks and delay associated with proceeding to trial and potential appeal.

The Court finds that the timing of the proposed award of attorneys' fees and costs is reasonable, and will review the reasonableness of the amounts requested upon the timely filing of a fee application. Finally, the Court finds that the proposed settlement treats class members equitably relative to each other, and provides benefits equally to the members of the Injunctive Relief class.

2. <u>Stay of the Action</u>. Pending the Final Fairness Hearing, all proceedings in the Action, other than proceedings necessary to carry out or enforce the terms and conditions of the Settlement Agreement and this Order, are hereby stayed.

3. <u>Class Definition</u>. The Court certified an Injunctive Relief Class consisting of: "All individuals in the United States whose PII and/or PHI was stored in Excellus's systems

between December 23, 2013 and May 11, 2015 who (1) are included in Excellus's list of Impacted Individuals and (2) whose PII and/or PHI currently resides in Excellus's systems (the 'Class')." (Dkt. 521 at 44-45).

4. <u>Representative Plaintiffs</u>. Consistent with the Court's prior order on class certification in this case, the Court finds and determines, pursuant to Rule 23(a) of the Federal Rules of Civil Procedure, that Plaintiffs Matthew Fero, Roger A. Carroll, D.D.S., Andres Curbelo, Cindy Harden, Cathryn Kwit, Robert Kwit, Nina Mottern, Barbara Palmer, Carole Preston, James J. Smith, Jr., Sharon C. Smith, Dwayne Church, Don Korn, Therese Boomershine, Carlos Martinho, Harold Jackling, and Brenda Caltagarone ("Representative Plaintiffs") will fairly and adequately represent the interests of the Class in enforcing their rights in the Action and appoints them as Representative Plaintiffs. The Court further finds, for purposes of this Settlement, that they are similarly situated to absent Class Members and have Article III standing to pursue the claims for injunctive/declaratory relief, and are therefore typical of the Class, and that they will be adequate class representatives.

5. <u>Class Counsel</u>. The Court previously appointed Hadley Lundback Matarazzo of Faraci Lange, LLP, and James J. Bilsborrow of Seeger Weiss, LLP as Class Counsel. The Court authorizes Class Counsel to enter into the Settlement on behalf of the Class Representatives and the Class, and to bind them all to the duties and obligations contained therein, subject to final approval by the Court of the Settlement.

6. <u>Class Notice</u>. Because this Settlement relates to an injunctive relief class, the Court finds and determines that providing notice to the relevant federal and state regulatory authorities pursuant to 28 U.S.C. § 1715 (the "CAFA Notice"), in addition to posting the

notice of the Settlement on Plaintiffs' Website (https://excellusdatabreachclassaction.com/) ("Plaintiffs' Website") and issuing a press release announcing this Settlement and directing Class Members and the public to Plaintiffs' Website, constitutes sufficient notice of the matters and fully satisfies the requirements of due process, Rule 23(e) of the Federal Rules of Civil Procedure, 28 U.S.C. § 1715, and all other applicable laws and rules. *See*, *e.g.*, *Amara v. CIGNA Corp.*, 775 F.3d 510, 519 (2d Cir. 2014) ("absent class members . . . need not be given notice and opt-out rights pursuant to Rule 23(b)(2)"); *Jeanne and Nicolas Stathakos v. Columbia Sportswear Company et al.*, No. 4:15-CV-04543-YGR, 2018 WL 582564, at *3 (N.D. Cal. Jan. 25, 2018) ("In injunctive relief only class actions certified under Rule 23(b)(2), federal courts across the country have uniformly held that notice is not required.") (collecting cases); *Lilly v. Jamba Juice Co.*, No. 13-CV-02998-JST, 2015 WL 1248027, at *9 (N.D. Cal. Mar. 18, 2015)("Because, even if notified of the settlement, the settlement class would not have the right to opt out from the injunctive settlement and the settlement does not release the monetary claims of class members, the Court concludes that class notice is not necessary."); *Jermyn v. Best Buy Stores, L.P.*, No. 08 CIV. 214 CM, 2012 WL 2505644, at *12 (S.D.N.Y. June 27, 2012)(quoting *Green v. Am. Express Co.*, 200 F.R.D. 211, 212–13 (S.D.N.Y. 2001) ("Courts have held that no notice is required under several circumstances, including . . .'when the settlement provides for only injunctive relief, and therefore, there is no potential for the named plaintiffs to benefit at the expense of the rest of the class, . . . when there is no evidence of collusion between the parties, and . . . when the cost of notice would risk eviscerating the settlement agreement.'").

The Court further finds that the notice is written in simple terminology and is readily understandable by Class Members. The form and content of the proposed Notice of Excellus Data Breach Settlement Summary, attached to the Settlement as Exhibit 3, to be posted on Plaintiffs' Website is hereby approved.

7. <u>Notice Date</u>. The Class Notice is to be posted on the Plaintiffs' Website within fourteen (14) days following the entry of this Order, and shall remain up until Final Approval of the Settlement.

8. <u>Final Fairness Hearing</u>. A hearing will be held before the Honorable Elizabeth A. Wolford, Chief Judge, United States District Court for the Western District of New York, Kenneth B. Keating Federal Building, 100 State Street, Rochester, New York 14614 at 1:00 p.m., on Wednesday, April 13, 2022, using the Zoom for Government platform ("Final Fairness Hearing"), to determine: (a) whether the Settlement should be approved as fair, reasonable, and adequate to the Class; (b) whether the Final Approval Order should be entered; (c) whether the Representative Plaintiffs' proposed Settlement Benefits as described in Section II of the Settlement Agreement should be approved as fair, reasonable, and adequate to the Class; (d) whether to approve the application for service awards for the Representative Plaintiffs ("Service Awards") or an award of attorneys' fees and litigation expenses ("Fee Award and Costs"); and (e) any other matters that may properly be brought before the Court in connection with the Settlement. Directions for accessing the proceeding by Zoom may be obtained by contacting the undersigned's chambers at (585) 613-4320 or wolford@nywd.uscourts.gov. The Court will conduct the proceeding using Zoom in the courtroom, in the event that any individual desires to attend the proceeding in person. The

Court may approve the Settlement with such modifications as the Settling Parties may agree to, if appropriate, without further notice to the Class.

9. <u>Objections and Appearances</u>. Any Class Member may enter an appearance in the Action, at their own expense, individually or through counsel of their own choice. If a Class Member does not enter an appearance, they will be represented by Class Counsel. Any Class Member who wishes to object to the Settlement, the Settlement Benefits, Service Awards, and/or the Attorneys' Fee Award and Costs, or to appear at the Final Fairness Hearing and show cause, if any, why the Settlement should not be approved as fair, reasonable, and adequate to the Class, why a final judgment should not be entered thereon, why the Settlement Benefits should not be approved, or why the Service Awards and/or the Attorneys' Fee Award and Costs should not be granted, may do so, but must proceed as set forth in this paragraph.

No Class Member or other person will be heard on such matters unless they have filed in this Action, and served concurrently on Class Counsel and Defendants' Counsel, the objection, together with any briefs, papers, statements, or other materials the Class Member or other person wishes the Court to consider, within sixty (60) calendar days following the Preliminary Approval Date. Any objection must include: (i) the objector's full name, address, telephone number, and e-mail address (if any); (ii) information identifying the objector as a Class Member, including proof that the objector is a member of the Class (e.g., copy of original notice of the Security Incident) if available; (iii) a written statement of all grounds for the objection, accompanied by any legal support for the objection the objector believes applicable; (iv) the identity of all counsel representing the objector, if any; (v) the

identity of all counsel representing the objector who will appear at the Final Fairness Hearing, if any; (vi) a list of all persons who will be called to testify at the Final Fairness Hearing in support of the objection, if any; (vii) a statement confirming whether the objector intends to personally appear and/or testify at the Final Fairness Hearing; (viii) the objector's signature and the signature of the objector's duly authorized attorney or other duly authorized representative (along with documentation setting forth such representation), if any; (ix) a list, by case name, court, and docket number, of all other cases in which the objector (directly or through counsel) has filed an objection to any proposed class action settlement within the last 3 years; (x) a list, by case name, court, and docket number, of all other cases in which the objector's counsel (on behalf of any person or entity) has filed an objection to any proposed class action settlement within the last 3 years; and (xi) a list, by case name, court, and docket number, of all other cases in which the objector has been a named plaintiff in any class action or served as a lead plaintiff or class representative. Any Class Member who does not make their objections in the manner and by the date set forth in this Order shall be deemed to have waived any objections and shall be forever barred from raising such objections in this or any other action or proceeding, absent further order of the Court.

10.     <u>Release</u>. Upon the entry of the Court's order for final judgment after the Final Fairness Hearing, the Representative Plaintiffs and all Class Members conclusively shall be deemed to have fully, finally, and forever released any and all claims against the Defendants consistent with the terms set forth in the Settlement Agreement.

11. <u>Final Approval Briefing</u>. All opening briefs and supporting documents in support of a request for final approval of the Settlement and Settlement Benefits must be filed and served at least 15 days prior to the Fairness Hearing. All briefing and supporting documents in support of an application for attorneys' fees and costs and Service Awards must be filed 30 days prior to the Objection Deadline.

12. <u>Reasonable Procedures</u>. Class Counsel and Defense Counsel are hereby authorized to use all reasonable procedures in connection with approval of the Settlement that are not materially inconsistent with this Order or the Settlement Agreement.

13. <u>Extension of Deadlines</u>. Upon application of the Parties and good cause shown, the deadlines set forth in this Order may be extended by order of the Court, without further notice to the Class. The Court reserves the right to adjourn or continue the Final Fairness Hearing, and/or to extend the deadlines set forth in this Order, without further notice of any kind to the Class.

14. <u>If Effective Date Does Not Occur</u>. In the event that the Effective Date does not occur, this Preliminary Approval, and all other orders entered and releases delivered in connection herewith, shall be vacated and shall become null and void.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated: January 14, 2022
      Rochester, New York