UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

MATTHEW FERO, *et al*.,

     Plaintiffs,

   v.          6:15-cv-06569 EAW

EXCELLUS HEALTH PLAN, INC., *et al*.,

     Defendants.

---

### ORDER GRANTING FINAL APPROVAL OF
### CLASS ACTION SETTLEMENT AND GRANTING PLAINTIFFS' MOTION
### FOR ATTORNEYS' FEES, EXPENSES, AND SERVICE AWARDS.

The parties to the above-captioned litigation (hereinafter the "Settling Parties") have applied for an order, pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, in connection with a proposed settlement of the above-captioned litigation (hereinafter, the "Action"), in accordance with the terms of the Class Action Settlement Agreement and Release they entered into as of December 9, 2021 (hereinafter the "Settlement Agreement"), and as clarified by the Addendum to the Settlement Agreement entered into as of March 29, 2022, subject to preliminary and final approval by this Court.

By Order dated January 14, 2021 (the "Preliminary Approval Order"), this Court: (1) preliminarily approved the Settlement; (2) determined that the Notice satisfied due process and the requirements of Fed. R. Civ. P. 23, and directed that Notice be provided to the Class; (3) advised of the opportunity to object to the proposed Settlement Agreement; (4) confirmed the appointment of certain Plaintiffs as Class Representatives and their

- 1 -

counsel as Class Counsel; and (5) scheduled a hearing to determine whether to grant final approval to the Settlement.  (Dkt. 548).

On February 14, 2022, Plaintiffs filed their Motion for Approval of Attorneys' Fees, Litigation Expenses, and Service Awards.  (Dkt. 552).

On March 29, 2022, Plaintiffs submitted their Motion for Final Approval of the Class Settlement.  (Dkt. 553).  No Class Members have objected to the Settlement Agreement.

On April 13, 2022, the Court conducted a hearing (the "Final Fairness Hearing") to consider, *inter alia*, whether: (1) the terms and conditions of the Settlement Agreement are fair, reasonable, and adequate, as required by Fed. R. Civ. P. 23(e), and therefore merit approval by the Court; (2) final judgment should be entered dismissing the Action as against each of the Defendants with prejudice; and (3) Plaintiffs' motion for approval of attorneys' fees, litigation expenses, and service awards should be granted.  (Dkt. 555).  At the Final Fairness Hearing, the Court instructed Class Counsel to submit for *in camera* review additional information regarding the requested attorneys' fees and expenses.  (*Id.*).  Class counsel submitted the requested information to the Court on April 22, 2022.

The Court has carefully reviewed and considered the Settlement Agreement, including the exhibits attached thereto, and the Addendum, all papers filed in connection with the request for settlement approval, all oral and written submissions, and the record in the Action, and agrees with the Settling Parties that good cause exists for the Court to approve the Settlement Agreement.  The Settlement Agreement was negotiated at arms'

length by informed and experienced counsel after two mediation sessions with mediator Bennett G. Picker. *See* Fed. R. Civ. P. 23(e)(2)(B). The relief provided to the Class under the Settlement Agreement is adequate and provides a benefit to all Class Members, whose personal information remains in Excellus's possession, custody, and control. Moreover, there would be substantial costs, risks and delay associated with proceeding to trial and potential appeal. *See* Fed. R. Civ. P. 23(e)(3). The Court finds the proposed Settlement Agreement treats Class Members equitably relative to each other and provides benefits equally to the members of the Injunctive Relief Class. *See* Fed. R. Civ. P. 23(e)(2)(D). The Settlement Agreement and Addendum are binding in all respects on the Class Representatives and all Class Members.

The Court has further carefully and fully reviewed the Motion for Approval of Attorneys' Fees, Litigation Expenses, and Service Awards. The Court considers first the request for attorneys' fees. "In a certified class action, the court may award reasonable attorney's fees and nontaxable costs that are authorized by law or by the parties' agreement." Fed. R. Civ. P. 23(h). "Courts have used two distinct methods to determine what is a reasonable attorneys' fee. The first is the lodestar, under which the district court scrutinizes the fee petition to ascertain the number of hours reasonably billed to the class and then multiplies that figure by an appropriate hourly rate. . . . The second method is simpler. The court sets some percentage of the recovery as a fee." *Goldberger v. Integrated Res., Inc.*, 209 F.3d 43, 47 (2d Cir. 2000). Here, because the Settlement

Agreement provides primarily for injunctive relief, the Court finds the lodestar method more appropriate.

"A reasonable hourly rate is 'the rate a paying client would be willing to pay,' 'bear[ing] in mind that a reasonable paying client wishes to spend the minimum necessary to litigate the case effectively.'" *McLaughlin v. IDT Energy*, No. 14 CV 4107 (ENV)(RML), 2018 WL 3642627, at *16 (E.D.N.Y. July 30, 2018) (quoting *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 522 F.3d 182, 190 (2d Cir. 2008)). "To determine reasonable hourly rates, the Court considers this Circuit's adherence to the forum rule, which states that a district court should generally use the prevailing hourly rates in the district where it sits." *Div. 1181 Amalgamated Transit Union-N.Y. Emps. Pension Fund v. D & A Bus Co.*, 270 F. Supp. 3d 593, 617-18 (E.D.N.Y. 2017) (citing *Simmons v. N.Y.C. Transit Auth.*, 575 F.3d 170, 175-76 (2d Cir. 2009)); *see Carbin v. N. Resolution Grp., LLC*, No. 12-CV-1108JTC, 2013 WL 4779231, at *3 (W.D.N.Y. Sept. 5, 2013) ("There is a presumption in favor of the hourly rates employed in the district in which the case is litigated."). However, courts need not strictly adhere to the forum rule in all cases. Instead, reasonable attorney fee rates may vary "depending on the type of case, the nature of the litigation, the size of the firm, and the expertise of its attorneys." *Kindle v. Dejana*, 308 F. Supp. 3d 698, 704 (E.D.N.Y. 2018) (quotation marks omitted).

In this case, Plaintiffs' counsel calculated a lodestar of $8,237,234.15, and seek a fee of $3,554,500. (*See* Dkt. 554 at ¶ 7). In calculating the lodestar amount, Plaintiffs' counsel have used fees ranging from $125 per hour for paralegals up to $1,200 per hour

for partners.  The Court is not persuaded that the rates charged by Plaintiffs' counsel are reasonable on their face.  In particular, rates for partners of $950,  $975, and $1,200 per hour and rates for associates of more than $500 per hour are well in excess of the prevailing hourly rates in this District.  However, even if the Court were to cut the requested rates in half across the board—which would bring them well within a reasonable range—the lodestar would still exceed the requested fee.  Further, the hours expended by Plaintiffs' counsel on this vigorously contested and complex case and reflected in the records provided to the Court are generally reasonable.

The Court has also reviewed the requested fee in light of the factors identified by the Second Circuit in *Goldberger.  See In re Colgate-Palmolive Co. ERISA Litig.*, 36 F. Supp. 3d 344, 347 (S.D.N.Y. 2014) ("The reasonableness of a fee in this Circuit is evaluated considering the *Goldberger* factors: '(1) the time and labor expended by counsel; (2) the magnitude and complexities of the litigation; (3) the risk of the litigation; (4) the quality of representation; (5) the requested fee in relation to the settlement; and (6) public policy considerations.'" (alteration omitted and quoting *Goldberger*, 209 F.3d at 50)).  The time and labor expended by counsel in this case have been considerable, and the litigation itself was large and complex.  Further, the litigation entailed substantial risk. In that regard, the Court notes particularly that: (1) certain claims were originally dismissed for lack of standing but reinstated on reconsideration in light of intervening developments in the law (*see* Dkt. 140; Dkt. 181); and (2) signification portions of Plaintiffs' motion for class certification were denied by the Court (*see* Dkt. 521).

Plaintiffs' counsel have provided competent and professional representation throughout the proceeding, and have procured a settlement that guarantees an estimated $10,660,000 in increased cybersecurity protections for the Class's benefit. (*See* Dkt. 552-1 at ¶ 3). The requested fee is approximately one-third of this amount, which is reasonable. *See Solis v. OrthoNet LLC*, No. 19-CV-4678 (VSB), 2021 WL 2678651, at *2 (S.D.N.Y. June 30, 2021) ("Courts in this Circuit typically approve attorneys' fees that range between 30% and 33%." (citation omitted)). Finally, public policy weighs in favor of granting the requested fees, because the public benefits from experienced counsel being willing to take on cases of this nature.

The Court turns next to the request for $700,000 in expenses. "Courts routinely award reasonable out-of-pockets expenses." *Id*. at *4 (alteration and citation omitted). Here, Plaintiffs' counsel has incurred $708,830.64 in expenses, but seeks reimbursement of only $700,000. The Court has reviewed the expenses sought by Plaintiffs' counsel and finds them reasonable, with one exception—certain firms have charged for Lexis and Westlaw fees. The Court views such fees as the cost of doing business and accordingly is not persuaded that they should be passed on to the class. However, the Lexis and Westlaw fees are only a small portion of the expenses and, as noted above, Plaintiffs' counsel seek less in reimbursement than was actually expended. Accordingly, the Court also approves the request for fees.

The Court next considers the proposed service awards, which range from $1,000 to $7,500, and total $95,500.00. (*See* Dkt. 552-3). Representative plaintiff service awards

"are common in class action cases and are important to compensate plaintiffs for the time and effort expended in assisting the prosecution of the litigation, the risks incurred by becoming and continuing as a litigant, and any other burdens sustained by plaintiffs." *Chambery v. Tuxedo Junction Inc*., No. 12-CV-06539 EAW, 2014 WL 3725157, at *11 (W.D.N.Y. July 25, 2014) (citation omitted); *see also Stock v. Xerox Corp*., 516 F. Supp. 3d 308, 314 (W.D.N.Y. 2021).  The Court finds that the Representative Plaintiffs have devoted considerable time and effort to this litigation and have been active participants in it.  The service awards are reasonable considering the work performed by each Representative Plaintiff and the result obtained.  *See, e.g., Story v. SEFCU*, No. 1:18-CV-764 (MAD/DJS), 2021 WL 736962, at *10-11 (N.D.N.Y. Feb. 25, 2021).

**IT IS THEREFORE HEREBY ORDERED that:**

1.      <u>Final Approval of the Settlement Agreement</u>. The terms and conditions of the Settlement Agreement, including the Exhibits attached thereto, and Addendum, are approved as fair, reasonable, adequate, and merit approval in accordance with Rule 23(e) of the Federal Rules of Civil Procedure and the Court's consideration of the factors set forth in *City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 463 (2d Cir. 1974), *abrogated on other grounds by Goldberger v. Integrated Res., Inc.*, 209 F.3d 43 (2d Cir. 2000).

2.      <u>Incorporation of Settlement Documents</u>: The Court expressly incorporates in this Final Approval Order and makes a part hereof the Settlement Agreement and exhibits, and the Addendum. The Court does this for the purpose of satisfying the

requirements of *Kokkonen v. Guardian Life Insurance Co. of America*, 511 U.S. 375, 380-82 (1994), and states specifically that the Court wishes to retain jurisdiction.

3.  _Class Definition_. The Court has certified an Injunctive Relief Class consisting of "All individuals in the United States whose PII and/or PHI was stored in Excellus's systems between December 23, 2013 and May 11, 2015 who (1) are included in Excellus's list of Impacted Individuals and (2) whose PII and/or PHI currently resides in Excellus's systems (the 'Class')."  (Dkt. 521 at 44-45).

4.  _Representative Plaintiffs_. Consistent with the Court's prior Order on class certification in this case, and the Preliminary Approval Order, the Court finds pursuant to Rule 23(a) of the Federal Rules of Civil Procedure that Class Representatives Plaintiffs Matthew Fero, Roger A. Carroll, D.D.S., Andres Curbelo, Cindy Harden, Cathryn Kwit, Robert Kwit, Nina Mottern, Barbara Palmer, Carole Preston, James J. Smith, Jr., Sharon C. Smith, Dwayne Church, Don Korn, Therese Boomershine, Carlos Martinho, Harold Jackling, and Brenda Caltagarone ("Representative Plaintiffs") have fairly and adequately represented the interests of the Injunctive Relief Class in enforcing their rights in the Action.  *See* Fed. R. Civ. P. 23(e)(2)(A).

5.  _Class Counsel_. The Court previously appointed Hadley Lundback Matarazzo (now Hadley E. Lundback) of Faraci Lange, LLP, and James J. Bilsborrow of Weitz & Luxenberg, P.C. as Class Counsel and the Court confirms this appointment, finding that Class Counsel have adequately represented the class in all respects.[1]  *See* Fed.

---

[1]    Mr. Bilsborrow is now affiliated with the law firm Seeger Weiss LLP..

R. Civ. P. 23(e)(2)(A). Class Counsel are authorized to act on behalf of the Class Representatives and the Injunctive Relief Class, and to bind them all to the duties and obligations contained therein, which may be given pursuant to, or which are reasonably necessary to perform the Settlement Agreement.

6.     Class Notice. The Court finds that the Notice and Notice Program satisfied the applicable requirements of Fed. R. Civ. P. 23(c)(2)(B) and 23(e), and fully comply with all laws and the Due Process Clause of the United States Constitution, constituting the best notice that was practicable under the circumstances of this case, particularly given that notice is not required for a Rule 23(b)(2) class.  Among other things, notice was given to the relevant federal and state regulatory authorities pursuant to 28 U.S.C. § 1715 (the "CAFA Notice"), was posted on Plaintiffs' Website (https://excellusdatabreachclassaction.com/) ("Plaintiffs' Website"), and was the subject of a press release announcing this settlement and directing Class Members and the public to Plaintiffs' Website. Further, the content of the Notice was accurate, objective, informative, written in simple terminology, and readily understandable by Class Members. The Notice advised Class Members of the opportunity to object to the proposed Settlement and to the proposed Service Awards and Attorneys' Fees and Costs.

7.     Objections. No objections to the Settlement, the Settlement Benefits, Service Awards, and/or the Attorneys' Fee Award and Costs have been received by the Court, by any Injunctive Relief Settlement Class Member, nor any cause shown as to why the Settlement should not be approved as fair, reasonable, and adequate to the Class, why

a final judgment should not be entered thereon, why the Settlement Benefits should not be approved, or why the Service Awards and/or the Attorneys' Fee Award and Costs should not be granted, in accordance with ¶ 9 of the Preliminary Approval Order.  Further, the Court received no opposition to Plaintiffs' Motion for Final Approval.

8.     <u>Attorneys' Fees, Litigation Costs, and Plaintiffs' Service Awards.</u>   In accordance with Section VI of the Settlement Agreement, and requested in Plaintiffs' Application for Attorneys' Fees, Litigation Costs, and Service Awards (Dkt. 552; Dkt. 554), the Court orders that within 15 days following the Effective Date of the Settlement Agreement, Defendants pay Class Counsel $4,350,000.00, representing the sum total of the Court-approved Attorneys' Fees, Litigation Costs, and Plaintiffs' Service Awards, as follows:

> a.  Class Counsel is hereby awarded attorneys' fees in the amount of $3,554,500.00.
>
> b.  Class Counsel is awarded $700,000.00 in Litigation Costs and Expenses.
>
> c.  Representative Plaintiffs are awarded $95,500.00 in Service Awards, as set forth in the table at Exhibit B at Dkt. 552-3.

9.     <u>Release</u>. The Court finds that the Release set forth in ¶ 5.2 of the Settlement Agreement, as modified through the parties' Addendum to the Agreement, dated March 29, 2022, is valid and enforceable.  The Release is given pursuant to New York law and shall be construed under New York law, including N.Y. General Obligations Law § 15-108.  The Release is effective as of the Effective Date.   Upon entry of the Court's order

for final judgment, the Representative Plaintiffs and all Class Members conclusively shall be deemed to have fully, finally, and forever released any and all claims against the Defendants consistent with the terms set forth in the Settlement Agreement and exhibits, and the Addendum.

10.    <u>Retention of Jurisdiction</u>.  In accordance with *Kokkonen v. Guardian Life Insurance Co. of America*, 511 U.S. 375, 380-82 (1994), the Court hereby expressly retains jurisdiction over the Action for the purpose of resolving any issues relating to the administration, implementation, or enforcement of the Settlement Agreement and exhibits, the Addendum, and this Order.    Pursuant to ¶ 8.10 of the Settlement Agreement, the Settling Parties submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement Agreement and exhibits, and the Addendum.

11.    <u>If Effective Date Does Not Occur</u>.  If, for any reason, the Effective Date of the Settlement Agreement does not occur, the Settlement Agreement and Addendum shall be deemed null and void, and shall not be used for any purpose whatsoever in any further proceeding(s) in the Action or in any other suit, action, or proceeding; the Court's certification of the Settlement Classes shall be void and of no effect; this Final Approval Order shall be vacated; all other orders entered and releases delivered in connection herewith, shall be vacated and shall become null and void; the Parties will be returned to their respective positions *nunc pro tunc* as those positions existed immediately prior to the execution of the Settlement Agreement; and the case shall be reopened.

Upon entry of this Final Approval Order, Case Number 6:15-cv-06569 shall be closed and deemed dismissed with prejudice in its entirety. The parties are to bear their own costs, except as otherwise provided in the Settlement Agreement and Addendum and this Final Approval Order.

**SO ORDERED.**

ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated: April 29, 2022
      Rochester, NY

- 12 -